Filed 12/21/15  P. v. Mubarak CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MUBARAK MUBARAK,<br><br>    Defendant and Appellant. | B260807<br><br>(Los Angeles County<br> Super. Ct. No. 4PH07507) |

APPEAL from an order of the Superior Court for Los Angeles County, Jaqueline H. Lewis, Commissioner.  Affirmed.

Erick Victor Munoz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Mubarak Mubarak appeals from an order revoking and restoring his parole supervision and ordering him confined for 160 days in county jail, following a contested parole revocation hearing.

## BACKGROUND

Defendant was convicted in 1998 of penetration with a foreign object in San Diego County. He was released on parole supervision in 2012. In October 2014, his parole agent filed a petition for revocation of parole, alleging that defendant violated parole by (1) failing to attend sex offender treatment as required by a condition of parole; (2) disturbing the peace; and (3) possessing a knife with a blade exceeding two inches in violation of a condition of parole.

A contested parole revocation hearing was held in December 2014.

Belin Gonzalez, an administrator at Sharper Teacher, a mental health facility for parolees, testified regarding the first allegation. She testified that she had given defendant notice of two POC appointments, and that defendant had arrived late for both appointments, so they had to be rescheduled. She notified defendant's parole agent of the missed appointments.

With regard to the second allegation, Officer Jonathan Brian of the California Highway Patrol testified that he was called to the Culver City branch of the California Rehabilitation Department on October 1, 2014. When he arrived, he encountered defendant, who was talking loudly at the people behind the window; he was making racist comments and cussing. Officer Brian asked defendant to identify himself and provide his driver's license or other form of identification, but defendant told him to leave him alone. Defendant proceeded to make a telephone call. When Officer Brian asked him to hang up the telephone, defendant ended his call and started to make another call. Officer Brian tried to grab the telephone, but defendant would not give it to him. Officer Brian called for additional units to

2

come and assist him, and defendant eventually calmed down and provided his driver's license. Officer Brian did not arrest defendant, but he later told defendant's parole agent about the incident.

With regard to the third allegation, defendant admitted in his testimony that he bought a knife, but he said he bought it because he had gotten trapped in his seat belt on the bus one day, and needed a knife to cut the seat belt. He also said that he needed a knife to open containers and boxes for incense that he makes and sells.

The trial court found all allegations of the petition to be true, and found that defendant violated the terms and conditions of supervision. The court revoked and restored defendant's parole supervision on the same terms and conditions, with the following modifications: defendant was ordered to confinement for 160 days in county jail, and was ordered to report to a designated parole office upon his release from custody. Defendant timely filed a notice of appeal.

## DISCUSSION

After review of the record, defendant's court-appointed counsel filed an opening brief asking this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436. On July 2, 2015, we advised defendant that he had 30 days within which to submit any contentions or issues that he wished us to consider. We have received no response to date.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.

4